|   |   |   |
|---|---|---|
| | DISTRICT COURT OF GUAM | |
| | TERRITORY OF GUAM | |
| EVY YOUNG, EDGAR TAZ, | | CIVIL CASE NO. 07-00026 |
| Plaintiff, | | |
| vs. | | |
| AMBEST, INC., a Tennessee corporation; CHEVERON USA, INC., a Pennsylvania corporation; CIRCLE K STORES, INC., a Texas corporation; CITGO PETROLEUM CORPORATION, a Delaware corporation; CONOCOPHILLIPS COMPANY, a Delaware corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation; EXXON MOBIL CORPORATION, a New Jersey corporation; FLYING J, INC., a Utah Corporation; PETRO STOPPING CENTERS, L.P., a Delaware limited partnership; PILOT TRAVEL CENTERS LLC, a Delaware limited liability Company; QUIKTRIP CORP., an Oklahoma Corporation; 7-ELEVEN, INC., a Texas corporation; SHELL OIL PRODUCTS COMPANY LLC, a Delaware limited liability company; TESORO REFINING AND MARKETING COMPANY, a Delaware company; THE KROGER COMPANY, an Ohio corporation; TRAVELCENTERS OF AMERICA, INC., a Delaware corporation; TOTAL PETROCHEMICALS USA, INC., a Delaware Corporation; VALERO MARKETING AND COMPANY, a Delaware corporation; BP WEST COAST PRODUCTS, LLC, a Delaware limited liability company, MOBIL OIL GUAM INC., SHELL GUAM INC., | | ORDER |
| Defendants. | | |

Pursuant to 28 U.S.C. § 455(b), a judge is required to recuse herself if "a person within the third degree of relationship to [the judge] . . . [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii). Every judge has a fundamental ethical obligation to carefully consider his own disqualification status. With this in mind, I must hereby disqualifies myself from the above proceeding as my sister and brother-in-law have an interest which could be substantially affected by the outcome of the proceeding.

SO ORDERED.



/s/ Frances M. Tydingco-Gatewood
 Chief Judge
**Dated: Sep 25, 2007**